UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES TUBBS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:13-cv-001384-JMS-DKL |
| ) | |
| INDIANA DEPARTMENT OF CORRECTION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**Entry and Order Dismissing Action**

James E. Tubbs sues his former employer, the Indiana Department of Correction, and more specifically the Indiana Youth Center, alleging that his employment was terminated on April 21, 2008, for discriminatory and retaliatory reasons. His alleges violations of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act. He alleges that he timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and that he received a right to sue notice on or about April 23, 2009. His motion to proceed *in forma pauperis* was granted in the Entry of September 3, 2013.

District courts have an obligation under 28 U.S.C. § 1915(e)(2) (B) to screen complaints before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. *Arnett v. Webster,* 658 F.3d 742, 751 (7th Cir. 2011). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation omitted).

In the Entry of September 3, 2013, the Court directed the plaintiff to show cause why the action should not be dismissed 1) as untimely, and 2) because the same claims were brought in the State Court Action. In response, the plaintiff submitted a copy of his right to sue notice dated April 23, 2009, and reported that he was still trying to obtain relief through the EEOC but his phone calls have not been returned. He did not specifically respond to the directions to report the status of the State Court Action, but he alleged more circumstances under which he believes he was refused a job after he returned to work from disability and he cites several state law provisions.

As noted in the September 3, 2013, Entry, an employment discrimination lawsuit brought pursuant to 42 U.S.C. § 2000e-5(f)(1) must be filed in district court within 90 days after the receipt of a right to sue notice from the EEOC. *See DeTata v. Rollprint Packaging Products, Inc.,* 632 F.3d 962, 964 (7th Cir. 2011). The plaintiff has not provided any basis on which the Court could consider this action timely-filed. The filing of this action is more than four years late, and, although given the opportunity to do so, the plaintiff has offered no explanation for the delay. *Grzanecki v. Bravo Cucina Italiana,* No. 10-2294, 408 Fed.Appx. 993 (7th Cir. Feb. 11, 2011) (affirming dismissal under § 1915(e)(2)(B) when plaintiff pleaded herself out of court by making allegations that conclusively established her age discrimination complaint was filed four days late). This defect is not one that could be cured with an amended complaint and the plaintiff was given prior notice of the deficiency. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1023 (7th Cir. 2013).

The complaint thus fails to state a claim upon which relief can be granted. *Jones v. Bock,* 127 S. Ct. 910, 921 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief."); *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th. Cir. 2008)(a complaint falls within this category if it "alleg[es] facts that show there is no viable claim@).

For the reasons explained above, therefore, the complaint fails to survive the screening required by 28 U.S.C. § 1915(e)(2)(B) and dismissal of the action is mandatory.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  09/18/2013

*[signature: Jane Magnus-Stinson]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

James Tubbs
5837 Brobeck Lane
Indianapolis, IN 46254